# *Exhibit A*

2379598.2

## SALE AGREEMENT

1.     Seller:  Ronald R. Peterson, not personally or individually, but solely as the duly qualified permanent case Chapter 7 case trustee ("Seller") of the bankruptcy estate of Jeffrey D. Facklis ("Debtor"), Case No. 11 B 00139 (the "Case"), pending in the United States Bankruptcy Court for the Northern District of Illinois, of Chicago, Illinois (the "Court").

2.     Buyer:  Barbara Dallia ("Buyer").  Buyer is Debtor's mother.

3.     Price:  Fifty Thousand ($50,000.00) dollars (US) in good funds ("Purchase Price"), payable by the Buyer  by  wire transfer or certified funds at closing.

4.     Assets To Be Sold: The Seller shall sell all of his right, title and interest in all the assets listed in the Debtor's schedules.   The sale shall be **"as is and where is"** without express or implied warranty of any kind and subject to any and all liens, claims, interests and encumbrances, whether known or unknown or contingent or fixed, inchoate or not inchoate.  The Assets to be sold shall include, without limitation, the following assets:

i.     The real estate commonly known as 47535 Chapinwood Rd, Grand View, WI, and the real estate, or any residual or other interest in the real estate, commonly known as 410 Park Avenue, Wilmette, IL (the "Property"). described as follows:

### 47535 Chapinwood Rd, Grand View, WI  (PIN:  021-1064-06 994)

**Parcel 1:** Lot Four (4) of Certified Survey Map No. 1106, as recorded in the office of the Register of Deeds of Bayfield County, Wisconsin on August 4, 2000, in Volume 7 of Certified Survey Maps, page 75, as Document No. 458741.

**Parcel 2:** Non-exclusive perpetual easement for the benefit of Parcel 1 for ingress and egress over, along and across the existing roadway from Forest Road 374 to the North line of the Southwest Quarter (SW¼) of the Southeast Quarter (SE¼), Section Twenty (20), Township Forty-four (44) North, Range Six (6) West, created in an instrument from the United State of America, acting by and through the Forest Service to the Town of Grandview, dated February 14, 2000 and recorded in said Register's office of March 22, 2000, in Volume 777 of Records, page 1041, as Document No. 456058.

**Parcel 3:** Non-exclusive perpetual easement for the benefit of Parcel 1 for ingress and egress over, along and across a 25 foot wide relocated Northerly-Southerly roadway commencing at the North line of the Southwest Quarter (SW¼) of the Southeast Quarter (SE¼), Section Twenty (20), Township Forty-four (44) North, Range Six (6) West, and

2377785.2

extending to the Northerly line of said Parcel 1 as depicted in Certified Survey Map No. 1106, recorded in the office of the Register of Deeds for Bayfield County, Wisconsin on August 4, 2000, in Volume 7 of Certified Survey Maps, page 75, as Document No. 458741.

410 Park Ave., Wilmette, IL  (PIN No. 05-34-120-005-0000

Lot 15 in Block 10 in Dingee and McDaniel's Resubdivision of Blocks 3, 6, 9, 10 and the South ½ of Block 8 in the Village of Wilmette in Township 42 North, Range 13, East of the Third Principal Meridian, in Cook County, IL

ii.      All retirement accounts, accounts, personal property, and business interests disclosed in Debtor's Schedule B and Statement of Financial Affairs filed by Debtor in the Case prior to the date of this Agreement, which shall expressly include, but not be limited to, the member interests in FBP Holding, LLC; OPS 3 LLC; 2201 W. Fulton, LLC and the Jeffrey D. Facklis Revocable Declaration of Trust dated December 20, 2000;

iii.      All tax refunds of any kind, past and future, and any action(s) related to any tax refunds, including, but not limited to any net loss carry forwards or carry backs or any other tax attributes that would have otherwise become property of the bankruptcy estate pursuant to 26 U.S.C. §108, and

iv.      Any and all causes of action against Julia Facklis or any member of Debtor's immediate family.  Immediate family shall mean any individual related to the Debtor within one degree of consanguinity.

5.      Upon payment of  the Purchase Price, Seller will deliver Buyer a quit claim deed, assignment, and/or Bill of Sale for the items identified in paragraph 4(i)-(iv), as mutually agreed; it will be Buyer's obligation to record the deed(s), if any.  If Buyer wants title insurance, a title search, a survey of the Asset or any other usual and customary seller's closing cost, Buyer is solely obligated for the cost of any such item and the closing shall not be delayed pending any such item.  The Buyer shall be responsible to pay all stamp taxes or transfer taxes, if any.  The Seller shall not be liable for any closing costs

6.      Seller will not pay, and there shall be no proration for, any real estate taxes which may have accrued or be due in regard to the Asset prior to the closing; Buyer will pay any transfer taxes or transfer stamps. Buyer shall have the right to allocate the purchase price as she sees fit.

7.      Seller acknowledges that the Debtor and his brother, Lee M. Facklis have filed an adversary action 12-av-1667 in the Bankruptcy Court for the Northern District of Illinois against the American Charter Bank to contest the validity of the American Charter

2377785.2

Mortgage on the Property.  The bankruptcy court dismissed the adversary proceeding and Debtor has  appealed that bankruptcy court's decision to the U.S. District Court for the Northern District of Illnois  13 CV 04398. The appeal has been *sub judice* since October 2013.  Seller disclaims any interest in the adversary proceeding and appeal.  In the event that the Debtor should ultimately prevail,  the Seller shall not be entitled to any of the economic benefit or new equity in the Property that such a disposition might cause.

8.      Closing is subject to Seller obtaining entry of a Final Order  ("Sale Order") upon written application and after notice and a hearing,  whereby the Court in this Case authorizes and approves this Sale Agreement..  A Final Order is an order that is final for purposes of 28 U.S.C. 158 and 1291, and which is no longer subject to appeal or *certiorari* proceedings and no appellate or *certiorari* proceedings are pending.  Seller agrees to seek a finding in the Sale Order from the Court pursuant to Bankruptcy Code Section 363(m) that the Buyer is a good faith purchaser.  At the hearing seeking authorization and approval, any person may offer to pay a higher price on substantially similar terms and conditions, and .Buyer shall have the right to increase her offer if she desires to do so. Seller will promptly prepare and file the motion seeking authorization and approval.

9.      Closing shall take place within fifteen (15) days after the Sale Order becomes a a Final Order.

10.     Miscellaneous:

     a.      This Contract shall be construed and enforced under and in accordance with the laws of the State of Illinois without regard to Illinois' conflict or law rules. The parties consent to the jurisdiction of the Court to resolve any disputes arising under this Sale Agreement.  To the extent that the Bankruptcy Court lacks subject matter jurisdiction, then the parties agree to consent to the jurisdiction of any federal or state court sitting in Cook County, Illinois..

     b.      This Sale Agreement, the Sale Order and the other items delivered pursuant to this Agreement, constitutes the complete agreement of the parties and supersedes all prior understandings or written or oral agreements between the parties respecting the this subject matter and cannot be changed amended or supplemented except by their written consent.  This Sale Agreement as well as any amendments and/or supplements may be executed in counterparts, all of which shall be deemed to constitute one document.

2377785.2

11.    Trustee Exculpation:  This Sale Agreement is being executed by Seller solely in his capacity as Chapter 7 Bankruptcy Trustee of the Debtor, and not personally.  It is expressly understood and agreed that Seller's execution of this Sale Agreement and all other actions as taken by Seller in connection with this Sale Agreement shall not be construed as creating a liability on the part of the Seller in his individual capacity, and Buyer hereby agrees and acknowledges that Buyer shall not have any claim or cause of action against Seller in his individual capacity with respect to such execution, delivery or performance of this agreement.

Seller:

_____                    Date:  _____

Ronald R. Peterson
not personally or individually, but
solely as Chapter 7 Trustee for the
bankruptcy estate of Jeffrey D. Facklis

Buyer:

_____                    Date:  ___8/10/15___

Barbara Dallia

2377785.2